53 F.3d 337
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Donald Alan BOX, Petitioner-Appellant,
v.
Otis THURMAN, Respondent-Appellee.
 No. 94-16666.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 27, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald A. Box, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas corpus petition. Box was convicted of conspiracy to manufacture methamphetamine in violation of California Penal and Health and Safety Codes. Box contends that the state trial court should have granted him a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), at which he could have presented testimony to test the veracity of a search warrant affidavit.[1] We have jurisdiction under 28 U.S.C. Sec. 2253. After a de novo review, we affirm. Moran v. Godinez, 40 F.3d 1567, 1571 (9th Cir. 1994) (a district court's denial of a 28 U.S.C. Sec. 2254 petition is reviewed de novo).
 
 
 3
 A Fourth Amendment claim is not cognizable in a federal habeas proceeding if a petitioner has had a full and fair opportunity to litigate it in state court. Stone v. Powell, 428 U.S. 465, 481-82 (1976). The relevant inquiry is whether the petitioner was afforded a full and fair hearing, not whether the state court reached a correct resolution. See Siripongs v. Calderon, 35 F.3d 1308, 1321 (9th Cir. 1994) (defendant had a full and fair opportunity where he made his Fourth Amendment argument in both state trial and appellate courts), cert. denied, 115 S. Ct. 1175 (1995).
 
 
 4
 Box's argument focuses on whether he was entitled to a Franks v. Delaware hearing, an issue fully presented to and considered by the state trial and appellate courts. See Siripongs, 35 F.3d at 1321. In his motion to suppress and quash the search warrant, Box argued that the affidavit supporting the warrant contained material misstatements, without which probable cause could not have been established. The state trial court held a preliminary hearing on Box's motion and determined that probable cause existed even after redaction of the challenged affidavit. The state appellate court considered the alleged false statements and concluded that a Franks v. Delaware hearing was not warranted because Box failed to show deliberate or reckless falsification by law enforcement in the search warrant affidavit. See People v. Box, 14 Cal. App. 4th 177, 186 (1993). Box had a full and fair opportunity to litigate his Franks claim in state court and thus was precluded from seeking federal habeas corpus relief. See Stone, 428 U.S. 481-82; Siripongs, 35 F.3d at 1321.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Box's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 In Franks, the United States Supreme Court held that a defendant is entitled to a post-search evidentiary hearing on the veracity of statements recited in the warrant affidavit if he can make a substantial preliminary showing that the affidavit contained intentional or reckless false statements and that the affidavit purged of falsities would not be sufficient to support a finding of probable cause. Franks, 438 U.S. at 171-72